UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X

KENNETH JAY WILSON,

          Plaintiff,

-against-

SIMON & SCHUSTER, Inc.,
JOHN DOES 1-10,

          Defendants.
——————————————————————X

**MEMORANDUM AND ORDER**
05-CV-4108 (FB)

**BLOCK, Senior District Judge:**

Plaintiff Kenneth Jay Wilson ("Wilson"), currently incarcerated at the Okeechobee City Jail in Okeechobee, Florida, files this *pro se* action against Simon & Schuster, Inc. and John Does 1 - 10 (collectively "defendants"), alleging that defendants failed to honor his request for a book. Wilson seeks an injunction "which procedurally requires the release of the book to plaintiff" and "other relief." Compl. at 4-5. The Court grants Wilson's request to proceed *in forma pauperis* and reviews the sufficiency of his complaint *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court dismisses the complaint for the following reasons.

I.

Wilson's complaint alleges that Simon & Schuster, publishers of a book titled *The Way Things Work*, advertised that its book would be "free to those who wish to receive a copy." Compl. at 4. Plaintiff requested a copy but did not receive one. *Id.* Plaintiff

1

submits his complaint on a form for bringing an action under 42 U.S.C. § 1983 and "alleges a cause of action based upon a breach of promise and contract as well as consumer fraud and negligence under New York [c]ommon law." *Id.*

## II.

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "'the factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or (2) "the claim is 'based on an indisputedly meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

Wilson's complaint fails to state a claim on which relief may be granted under § 1983. In order to maintain a §1983 action, a plaintiff must allege two elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*

Plaintiff's complaint satisfies neither element. The defendants, a private corporation and ten unidentified "John Does," do not act under color of state law within the meaning of 42 U.S.C. § 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982); *see*

2

also *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). Furthermore, the failure to fulfill a request for a free book is not a constitutional violation. Therefore, the federal claim under § 1983 is dismissed because it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Although it is unclear from the face of the complaint, Wilson's remaining state law causes of action appear to invoke the Court's diversity jurisdiction. Wilson's allegations that (1) his response to defendants' advertisement created a contract that was breached when defendants failed to send him the book and (2) defendants are liable for consumer fraud and negligence also fail to state claims on which relief may be granted. It is well settled that an advertisement generally does not constitute an offer. *See Leonard v. Pepsico, Inc.*, 88 F. Supp.2d 116, 122-23 (S.D.N.Y. 1999), *aff'd*, 210 F.3d 88, 89 (2d Cir. 2000). Furthermore, a plaintiff seeking to recover under New York law for consumer fraud or negligence must have suffered actual harm as a result of a defendant's actions or deceptive practices. *See, e.g., Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43, 55-56 (1999). Defendants' alleged failure to fulfill Wilson's request for a free book does not constitute an injury that would entitle him to recovery. Because Wilson's complaint does not "give[] any indication that a valid claim might be stated," the Court will not grant leave to amend. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III.

The complaint is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and *in forma pauperis* status is therefore denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
FREDERIC BLOCK
United States Senior District Judge

Dated: Brooklyn, New York
January 24, 2006